[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10273
Non-Argument Calendar
_____

D.C. Docket No. 4:06-cr-00061-RH-CAS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DEWAYNE COPELAND,
a.k.a. Kent D. Copeland,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 6, 2013)

Before BARKETT, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

Kenneth Copeland, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines.  As relevant background, in December 2006, Copeland pled guilty to: (1) distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 851; (2) possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D),[1] and 851, and 18 U.S.C. § 2; (3) possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (4) being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The district court found that Copeland was a career offender and sentenced him to 262 months' imprisonment.  In January 2012, Copeland, proceeding *pro se*, moved for a reduction of sentence pursuant to § 3582(c)(2) and Amendment 750.  The district court denied Copeland's motion, finding that Copeland was not eligible for relief because he was sentenced as a career offender, not under the crack cocaine guideline provision.

On appeal, Copeland argues for the first time that: (1) this Court's application of *Dillon v. United States*, 560 U.S. ___, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010), violates separation-of-powers principles and that it was impermissible for Congress to delegate its power to legislate to the Sentencing Commission; and

---

[1] Copeland pled guilty to facts that included possession of 142.5 grams of marijuana.

(2) U.S.S.G. § 1B1.10 acts as a mandatory-minimum statute that sets his mandatory-minimum sentence at 262 months, based solely on judge-found facts that were not charged in the indictment.[2]

We review *de novo* the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). We review issues raised for the first time on appeal for plain error. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005). The four-prong plain-error analysis requires a defendant to show: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district court may modify a term of imprisonment "in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission has noted, however, that a defendant is ineligible for a sentence reduction where an amendment "does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). Amendment 750 retroactively lowered the sentencing range

---

[2] Copeland alternatively requests mandamus relief and asks us to appoint him counsel in connection with his request for mandamus relief. We decline to address Copeland's request for a writ of mandamus because mandamus relief is not proper in connection with this appeal.

3

applicable to crack cocaine offenses by revising the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, amend. 750 (2011).

In *Dillon*, the Supreme Court recognized that Congress defined eligibility for a sentence reduction based on the Sentencing Commission's determinations, and noted that § 3582(c)(2) applies "only to a limited class of prisoners . . . whose sentence was based on a sentencing range subsequently lowered by the Commission."  *Dillon*, 560 U.S. at ___, 130 S.Ct. at 2691.  The Court held that the remedial holding of *Booker*—that the Guidelines must be treated as advisory— does not apply to limited sentence reductions authorized by § 3582(c)(2).  *Id.* at ___, 130 S.Ct. at 2693.

In *United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008), we held that Amendment 706, which reduced the base offense level for crack-cocaine offenses, was inapplicable to the sentences of defendants who had been sentenced under § 4B1.1 as career offenders.  The defendants' sentences were based on the applicable guideline ranges for career offenders, and the defendants' otherwise applicable base offense levels under § 2D1.1 played no role in the calculation of those ranges.  *Id.* at 1330; *see Lawson*, 686 F.3d at 1321 (holding that the Supreme Court's decision in *Freeman v. United States*, 564 U.S. ___, ___, 131 S.Ct. 2685, 2690, 180 L.Ed.2d 519 (2011), did not overrule *Moore*, and applying the reasoning of *Moore* to Amendment 750).

The district court properly denied Copeland's motion for relief under § 3582(c)(2) because he was sentenced as a career offender, and thus, Amendment 750 did not have the effect of lowering his guideline range under § 4B1.1. Additionally, the district court did not plainly err by not considering, *sua sponte*, Copeland's constitutional challenges because a district court may not consider constitutional challenges to a sentence during a § 3582(c)(2) proceeding.

**AFFIRMED.**